

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Jonathan S. Garelick
Special Assistant United States Attorney

JSG/PL AGR
2024R00823

402 East State Street, Room 420
Trenton, New Jersey 08608

609-656-2558

June 18, 2025

**VIA EMAIL**

Andrea G. Aldana
Assistant Federal Public Defender
Office of the Federal Public Defender,
   District of New Jersey
22 S. Clinton Avenue
Station Plaza #4, Bldg. #4
Trenton, New Jersey 08609

RECEIVED
SEP 09 2025
by:
ROBERT KIRSCH
U.S. DISTRICT JUDGE

   Re:   Plea Agreement with Jacob Bauer   (25-CR-534)
         25-mj-3021 (TJB)

Dear Ms. Aldana:

   This letter sets forth the plea agreement between your client, Jacob Bauer (hereinafter, "BAUER"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on July 11, 2025, if it is not accepted in writing by that date. If BAUER does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation. This plea agreement offer replaces and supersedes a previous offer extended on May 15, 2025.

Charge

   Conditioned on the understandings specified below, this Office will accept a guilty plea from BAUER to a one-count Information, which charges BAUER with engaging in illicit sexual conduct in a foreign place in violation of 18 U.S.C. § 2423(c). If BAUER enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against BAUER for travelling to engage in illicit sexual conduct in December 2023. In addition, if BAUER fully complies with this agreement, at sentencing, this office will move to dismiss Count One of the Complaint, Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b).

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against BAUER even if the applicable statute of limitations period for those charges expires after BAUER signs this agreement, and BAUER agrees not to assert that any such charges are time-barred.

### Sentencing

The violation of 18 U.S.C. § 2423(c) to which BAUER agrees to plead guilty carries a statutory maximum sentence of 30 years' imprisonment and a maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. The prison sentence on the Information may run consecutively to any prison sentence BAUER is serving or is ordered to serve.

The sentence to be imposed upon BAUER is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence BAUER ultimately will receive.

Further, in addition to imposing any other penalty on BAUER, the sentencing judge as part of the sentence:

(1) will order BAUER to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which must be paid by the date of sentencing;

(2) unless BAUER is determined to be indigent, must order BAUER to pay an additional special assessment of $5,000, pursuant to 18 U.S.C. § 3014;

(3) must order forfeiture, pursuant to 18 U.S.C. § 2428;

(4) must order BAUER to pay restitution, pursuant to 18 U.S.C. § 3663 *et seq.* and 18 U.S.C. § 2429; and

(5) pursuant to 18 U.S.C. § 3583(k), must require BAUER to serve a term of supervised release of at least five (5) years and up to a maximum

term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed.

### Violation of Supervised Release

Should BAUER, while on supervised release, violate any of the conditions of supervised release before the expiration of its term, BAUER may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to 18 U.S.C. § 3583(k), however, should BAUER while on supervised release be found, in a manner that satisfies *United States v. Haymond*, 139 S. Ct. 2369 (2019), to have committed an offense in violation of Chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one year can be imposed, BAUER must be sentenced to at least five years' imprisonment and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on BAUER by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BAUER's activities and relevant conduct with respect to this case.

### Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, BAUER agrees to pay full restitution to the victims of the conduct related to the offense charged in the Information in an amount that fully compensates the victims for the losses sustained, as determined during the presentence investigation and imposed by the sentencing judge.

### Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 2428, BAUER agrees to forfeit to the United States (1) any property, real or personal, that

was used or intended to be used to commit or to facilitate the commission of the violation charged in the Information and (2) any property, real or personal, constituting or derived from any proceeds BAUER obtained, directly or indirectly, as a result of the violation charged in the Information, which BAUER agrees that the items listed on Schedule B attached hereto ("Specific Property") constitute property that was used, or intended to be used, to promote the commission of BAUER's offense of conviction, and are therefore subject to forfeiture.

BAUER further waives and abandons all of his right, title, and interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal; waives, releases, and withdraws any claim that BAUER may have made with respect to the Specific Property; waives and releases any future claim that BAUER might otherwise have made to the Specific Property; and consents to the destruction of the Specific Property.

BAUER further agrees to consent to the entry of orders of forfeiture for the Specific Property that may be final prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. BAUER further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. BAUER understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. BAUER waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of BAUER's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

BAUER further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If BAUER fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that BAUER has intentionally failed to disclose assets on his Financial Disclosure Statement, BAUER agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

### Stipulations

This Office and BAUER agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or BAUER from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and BAUER waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

BAUER understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removal from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. BAUER understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. BAUER wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. BAUER understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, BAUER waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Registration Consequences

BAUER understands that his guilty plea to the charged offenses will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. BAUER wants and agrees to plead guilty to the charged offenses regardless of any registration consequences of that plea. BAUER understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, BAUER waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

### Adam Walsh Child Protection and Safety Act

BAUER has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where BAUER resides; where he is an employee; and where he is a student. BAUER understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. BAUER further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. BAUER has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against BAUER. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against BAUER.

No provision of this agreement shall preclude BAUER from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the entire plea agreement between BAUER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:  Jonathan S. Garelick
Special Assistant U.S. Attorney

APPROVED:

*Martha K. Nye*

Martha K. Nye
Attorney-in-Charge Trenton Branch Office

- 7 -

I have received this letter from my attorney, Andrea G. Aldana, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, violation of supervised release, restitution, forfeiture, stipulations (including the attached Schedule A), waiver, immigration, registration, and Adam Walsh Child Protection and Safety Act. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                  Date: 6/24/2025
Jacob Bauer

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, violation of supervised release, restitution, forfeiture, stipulations (including the attached Schedule A), waiver, immigration, registration, and Adam Walsh Child Protection and Safety Act. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                  Date: 6.24.25.
Andrea G. Aldana, Esq.
Counsel for Defendant

## PLEA AGREEMENT WITH JACOB BAUER ("BAUER")

### Schedule A

1. This Office and BAUER recognize that the United States Sentencing Guidelines do not bind the Court. This Office and BAUER nevertheless agree to the stipulations set forth herein.

2. The version of the Guidelines effective November 1, 2024, applies in this case.

3. The applicable guideline is U.S.S.G. § 2G1.3(a)(4), which carries a Base Offense Level of 24.

4. Specific Offense Characteristic U.S.S.G. § 2G1.3(b)(3) applies in that the offense involved a computer to persuade, induce, or entice a minor to engage in prohibited sexual conduct, which results in an increase of 2 levels.

5. Specific Offense Characteristic U.S.S.G. § 2G1.3(b)(4)(A)(i) applies in that the offense involved the commission of a sex act or sexual contact, which results in an increase of 2 levels.

6. The parties do not agree as to whether the Specific Offense Characteristic for undue influence of a minor to engage in prohibited sexual conduct under U.S.S.G. § 2G1.3(b)(2)(B) applies, which would result in an increase of 2 levels. The Government contends that this enhancement applies, and BAUER reserves the right to oppose application of same.

7. Accordingly, the parties agree that, depending upon the sentencing court's resolution of the open Guidelines issue noted in paragraph 6, above, the adjusted base offense level is either 30 or 28.

8. As of the date of this letter, BAUER has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if BAUER's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, BAUER has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in BAUER's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) BAUER enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that BAUER's acceptance of responsibility has continued

through the date of sentencing and BAUER therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) BAUER's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that, depending upon the sentencing court's resolution of the open Guidelines issue noted in paragraph 6, above, the total Guidelines offense level applicable to BAUER is either 27 or 25 (the "Total Offense Level").

11. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level that applies after the sentencing judge resolves the open Guidelines issue noted above and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

12. If the term of imprisonment does not exceed 87 months, and except as specified in the next paragraph below, BAUER will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 70 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

13. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## PLEA AGREEMENT WITH JACOB BAUER ("BAUER")

### Schedule B

All items listed were seized from BAUER by law enforcement on or about April 2, 2025 (the "Specific Property").

1. Black iPad in black leather case, Model A1652, No. DLXQXQ53GMUS

2. iPhone in red case, Model A1688

3. Custom-built computer, N2XT, No. 01195271904368

4. Samsung Galaxy S9, IMEI 354267090791671

5. Black Samsung phone, IMEI 354260400523629